IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                        :
                                        :
MARIA MAGDALENA                         :      CASE NO. 10-08219(MCF)
PADILLA QUINONES                        :
                                        :      CHAPTER 13
                                        :
        DEBTOR(S)                       :      Filed & Entered 03/02/2011
                                        :
_____ :

## OPINION AND ORDER

This case is before the Court on the following motions: Trustee's objection to claim 12 by claimant Athos R. Castro Cros ("Castro Cros"or "Claimant") filed on docket 19 and Claimant's answer to objection filed on docket number 23. For the reasons set forth below, the Chapter 13 Trustee's objection to claim is DENIED.

## PROCEDURAL HISTORY

On September 6, 2010, the debtor filed a Chapter 13 bankruptcy petition. (Docket No. 1) On September 9, 2010, the Clerk of the Court gave notice of the first 341 meeting of creditors, the appointment of the Chapter 13 Trustee, the bar date to file proof of claims and the first confirmation hearing. (Docket No.6) The bar date, or last day, fixed to file a non-governmental proof of claim was January 16, 2011. On January 18, 2011, Castro Cros filed proof of claim number 12 in the amount of $7,495.00 as unsecured. On January 24, 2011, the Chapter 13 Trustee objected to claim number 12 on the grounds that it had been filed after the bar date established by Fed. R. Bankr. P.

3002(c). (Docket No. 19)  On January 31, 2011, Castro Cros filed an answer to the Trustee's objection to claim. (Docket 23)

## DISCUSSION

A proof of claim which is filed under 11 U.S.C. § 501 is deemed allowed unless a party in interest objects.  In the instant case, the Chapter 13 Trustee objected to the allowance of claim number 12 because it was filed late. Castro Cos filed his claim number 12 on January 18, 2011, two days after the established bar date.  The answer filed by the claimant alleges, in synthesis, that the claim was not filed late because it was timely mailed on January 13, 2011; three days before the bar date.  Claimant further requests that this Court allow this claim as timely filed.

The deadline for filing a claim is set by Fed. R. Bankr. P. 3003(c) which states that in a Chapter 13 case, a proof of claim is timely filed if it is not filed later than 90 days after the first date set for the meeting of creditors under section 341(a) of the Bankruptcy Code.[1]  The first date for the 341 meeting of creditors in this case was set for October 18, 2010 and the bar date elapsed 90 days later, which was January 16, 2011.  This was the last date to timely file a  non-governmental unsecured proof of claim.

Certain untimely filed proof of claims are excepted from the bar date, but these are limited to the six exceptions listed in

---

[1] 11 U.S.C. § 341(a).

2

Fed. R. Bankr. P. 3002(c)(1)-(6).[2] After reviewing the six exceptions, the court finds that the facts of the instant case do not fall within any of these six exceptions. In addition, Fed. R. Bankr. P. 9006(b)(3) limits the court's jurisdiction to enlarge the time for taking action under Bankruptcy Rule 3002(c) to the extent and only under the conditions stated by this particular rule.

---

[2] Fed. R. Bankr. P. 3002 (c) (1)-(6)

Filing Proof of Claim or Interest

(a) Necessity for filing. An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.

(b) Place of filing. A proof of claim or interest shall be filed in accordance with Rule 5005.

(c) Time for filing. In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:

(1) A proof of claim filed by a governmental unit, other than for a claim resulting from a tax return filed under § 1308, is timely filed if it is filed not later than 180 days after the date of the order for relief. A proof of claim filed by a governmental unit for a claim resulting from a tax return filed under § 1308 is timely filed if it is filed no later than 180 days after the date of the order for relief or 60 days after the date of the filing of the tax return. The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors under Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall give at least 90 days' notice by mail to creditors of that fact and of the date by which proofs of claim must be filed.

(6) If notice of the time to file a proof of claim has been mailed to a creditor at a foreign address, on motion filed by the creditor before or after the expiration of the time, the court may extend the time by not more than 60 days if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

The Bankruptcy Court has no discretion to allow an untimely proof of claim in a Chapter 13 case unless one of the exceptions in Rule 3002(c) apply, not even for equitable considerations. In re Gardenshire, 209 F.3d 1145(9th Cir. 2000); In re Geeniq, 152 F.3d 631(7th Cir. 1998).

In the alternative, the court considers the Claimant's allegation that the claim was filed on a timely basis because it was deposited in the mail on January 13, 2011, three days before the bar date.   Bankruptcy Rule 9006(e),[3]  the rule that governs service of any process, paper or notice by mail, states that service is complete on mailing.  However, Rule 9006(e) does not deal with "filing," only with service. If a notice must be filed with the court on or before a certain date, **the filing will not be timely just because it was mailed within that period of time**. "10-9006  Collier  on  Bankruptcy  "10-9006  Collier  on  Bankruptcy  9006.11.(emphasis added) Bankruptcy Rule 9006(f) provides an additional three days to the prescribed period for service when it is done by mail. The court in In re Whitten, 49 B.R. 220, 221 (Bankr. N.D.In Ala. 1985), found that

> a reading of Bankruptcy Rule 9006(f) shows that it literally does not apply to the time period for  a creditor to file a proof of claim in a Chapter 13 case. The rule refers to the right to do an act within a prescribed period after service of a notice, when the notice is served by mail. The filing of a proof of claim is not within a prescribed period after service of a notice. The filing of a proof of claim is an act within a prescribed period of 90 days after the first date set for the meeting of creditors. It is the date first set

---

[3] Fed. R. Bankr. P. 9006(e).

4

> for the meeting of creditors which triggers the running of the time for the filing of the proofs of claim -- not the mailing of the notice by the clerk of the court.

Bankruptcy Courts have concluded that the mailbox rule is inapplicable to the filing of proofs of claim. In re Allegheny International, Inc., 93 B.R. 910, 912 (Bankr. W.D. Pa. 1988).

In order for filing to be complete and timely as to a proof of claim, the same must be received at the Clerk's office before expiration of the deadline. As such, the date the proof of claim was mailed is irrelevant for purposes of determining timeliness.

Upon review, the Court notes, a matter not alleged by either party in the controversy at bar: that the deadline for filing the proof of claim was Sunday, January 16, 2011 and the following day, Monday, January 17, 2011 was a legal holiday commemorating the birthday of Martin Luther King, Jr.  Pursuant to Bankruptcy Rule 9006(a)(3)(A),[4] unless the court orders otherwise, if the clerk's office is inaccessible, the last day for filing is extended to the first accessible day that is not a Saturday, Sunday or legal holiday.  In the instant case, the first accessible day for filing was Tuesday, January 18, 2011, the same day that Claimant filed his proof of claim.

### CONCLUSION

In conclusion, the Court finds that the proof of claim filed by claimant Athos R. Castro Cros was timely filed.  In light of the aforementioned, the Court denies the Chapter 13 Trustee's

---

[4] **Fed. R. Bankr. P. 9006(a)(3)(A)**

5

objection to claim 12 and orders that claim 12 be allowed as unsecured.

**SO ORDERED.**

In San Juan, Puerto Rico, this 2 day of March, 2011.

BY THE COURT:

                              /s/MILDRED CABAN FLORES
                                 U.S. Bankruptcy Judge

6